IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BRANDON TAYLOR,

    Plaintiff,

vs.

AMERICAN CIVIL CONSTRUCTION INC, a Florida Corporation, and ROBERT W. ACKLEY, JR., an individual, jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, BRANDON TAYLOR, sues Defendants, AMERICAN CIVIL CONSTRUCTION, INC., a Florida Corporation and ROBERT W. ACKLEY, JR., an individual, and shows:

### Introduction

1. This is an action by BRANDON TAYLOR against his former employer for minimum wages pursuant to the Fair Labor Standards Act and Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 and the Florida Minimum Wage Act ("FMWA"), Florida Statutes §448.110. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Middle District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, BRANDON TAYLOR, ("TAYLOR") a resident of Broward County, was at all times material, employed by AMERICAN CIVIL CONSTRUCTION, INC., as a pipe foreman, was an employee as defined by 29 U.S.C. § 203(e) and the FMWA, and during his employment with AMERICAN CIVIL CONSTRUCTION, INC., was engaged in commerce or in the production of goods for commerce.

5. Defendant, AMERICAN CIVIL CONSTRUCTION, INC. (hereinafter, "AMERICAN CIVIL), is a Florida Corporation with headquarters in Bunnell, Florida, doing business in the Middle District of Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) and the FMWA, in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206 and the FMWA.

6. Defendant, ROBERT W. ACKLEY, JR. ("ACKLEY"), is the president and owner of AMERICAN CIVIL, with operational control and direct control over the day-to-day operations, including compensation of employees and the setting of work schedules of persons working at AMERICAN CIVIL, and therefore is an employer under the FLSA and the FMWA.

**Count I – Violation of FLSA by Defendants – Minimum Wage**

7. Plaintiff, BRANDON TAYLOR, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 6 above.

8. TAYLOR worked for AMERICAN CIVIL several days during the last pay period of his employment, December 26, 2022 through January 1, 2023, but received no compensation whatsoever for the work performed. Specifically, when TAYLOR received his final direct deposit slip, Defendant "paid" him $824.99 for his final workweek but deducted the same $824.99 from TAYLOR's pay for "Company Truck Abuse," which resulted in net pay of zero.

9. Notwithstanding the implication that TAYLOR allegedly damaged a company truck, which the Plaintiff disputes, Defendant's deduction from Plaintiff's last paycheck unlawfully reduced his wages below the minimum wage.

10. AMERICAN CIVIL's failure to pay TAYLOR his final paycheck violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

11. TAYLOR is entitled pursuant to the FLSA to recover from Defendant AMERICAN CIVIL and ACKLEY:

    a. The applicable minimum wage in effect at the times he worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for TAYLOR and against AMERICAN CIVIL and ACKLEY on the basis of their willful violations of the FLSA;

    b. Award TAYLOR actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    c.    Award TAYLOR an equal amount in liquidated damages;

    d.    Award TAYLOR reasonable attorneys' fees and costs of suit; and

    e.    Other such relief as this Court deems just.

**Count II – Violation of Florida Minimum Wage Act by Defendants**

12. Plaintiff, BRANDON TAYLOR, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 11 above.

13. Defendants' failure to pay TAYLOR his final paycheck violates Florida Statutes §448.100, the Florida Minimum Wage Act, which requires employers to pay its employees the Florida minimum wage for all hours worked in Florida.

14. Prior to filing this lawsuit, Plaintiff sent notice to Defendants as required by §448.100(6)(a), advising Defendants of his intent to initiate this action.

15. TAYLOR is entitled pursuant to the FMWA to recover from Defendant AMERICAN CIVIL and ACKLEY:

    a.    The applicable minimum wage in effect at the times he worked without receiving compensation;

    b.    As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c.    The costs of this action, and;

    d.    A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a.    Enter judgment for TAYLOR and against AMERICAN CIVIL and ACKLEY on the basis of their willful violations of the FMWA;

    b.    Award TAYLOR actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

  c. Award TAYLOR an equal amount in liquidated damages;

  d. Award TAYLOR reasonable attorneys' fees and costs of suit; and

  e. Other such relief as this Court deems just.

**Count III – Breach of Contract by Defendant AMERICAN CIVIL – Unpaid Wages**

16. Plaintiff, BRANDON TAYLOR, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 11 above.

17. Defendant agreed to pay the Plaintiff a salary of $1,650.00 per week in exchange for Plaintiff performing services for Defendant as a pipe foreman.

18. Plaintiff performed all conditions precedent to his entitlement to payment of his agreed upon wages.

19. By failing to pay Plaintiff his agreed upon wages, Defendant has violated the Florida common law, and now owes Plaintiff his agreed upon wages that he was not paid for.

20. Plaintiff is entitled pursuant to the Florida common law, to recover from Defendant:

  a. his agreed upon wages earned but for which he did not receive compensation;

  b. the costs of this action; and

  c. a reasonable attorney's fees.

WHEREFORE, Plaintiff, BRANDON TAYLOR, prays that this Honorable Court:

  a. enter judgment for Plaintiff and against Defendant on the basis of its willful violations of the Florida common law;

  b. award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid wages;

    c. award Plaintiff's reasonable attorney's fees and costs of suit pursuant to Florida Statutes § 448.08; and,

    d. other such relief as this Court deems just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: January 24, 2023
Plantation, Florida

          Respectfully submitted,

          */s/ Robert S. Norell*
          Robert S. Norell, Esq. (Fla. Bar No. 996777)
          E-Mail: rob@floridawagelaw.com
          **ROBERT S. NORELL, P.A.**
          300 NW 70th Avenue
          Suite 305
          Plantation, FL 33317
          Telephone: (954) 617-6017
          Facsimile: (954) 617-6018
          *Counsel for Plaintiff*